**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Continental Casualty Company, et al., | No. CV-19-05163-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Platinum Training LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion to Transfer Related Case.[1] (Doc. 117). The Claimant Defendants filed a Response in Opposition (Doc. 120)[2], to which Plaintiffs Continental Casualty Company and Valley Forge Insurance Company ("Plaintiffs") filed a Reply (Doc. 122). The Court will now issue its decision.

## I. Background

On December 7, 2015, Defendants filed a Complaint that began *Beecher, et al. v. Biological Resource Center, Inc., et al.*, in Arizona Superior Court, Maricopa County, Case No. CV2015-013391 ("*Beecher*"). (Doc. 120 at 1). Approximately four years later, Continental provided a defense attorney for named defendant Mr. Stephen Gore, who appeared in the case on August 22, 2019, two months before the *Beecher* trial began. (*Id.* at 2).

On September 13, 2019, during trial preparations in the *Beecher* matter,

---

[1] Both parties requested oral argument in this matter. The Court finds that the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

[2] The Court notes the Defendant's Response was filed six days after the deadline.

Continental filed the Complaint for Declaratory Judgment that started this federal court action (Doc. 1) ("present action"), seeking a declaration that Continental is not liable to indemnify the judgment against Stephen Gore. (*Id.*) One month later, on October 28, 2019, the *Beecher* trial began. (*Id.*) On November 19, 2019, the *Beecher* jury rendered a verdict for $58.5 million in favor of the defendants. (*Id.*) On April 15, 2021, Gore entered into an Agreement and Covenant Not to Execute with Creditor Defendants. (*Id.*) The following day, Plaintiffs filed a Motion for Partial Summary Judgment seeking a declaration from this Court that Continental has no duty to indemnify the *Beecher* judgments against Gore. (Doc. 106). That Motion was ultimately granted. (Doc. 119)

On July 16, 2021, Continental filed a new federal court action: *Continental Casualty Company, et al. v. Nancy Culver, et al.*, Case No. CV-21-01251-PHX-DLR ("the *Damron* action"). (*Id.*) On July 29, 2021, Continental filed their Motion to Transfer Related Case in which they seek to transfer or consolidate the *Damron* action with the present action. (Doc. 120).

## II.     Local Rule of Civil Procedure 42.1(a) Transfer of Cases

Local Rule of Civil Procedure 42.1(a) provides five grounds upon which parties may file a motion to transfer a case to a single judge. Transfer is proper if the actions "(1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason [that] would entail substantial duplication of labor if heard by different Judges."  LRCiv 42.1(a).

## III.    Analysis

### 1.  Same Transaction or Event

Plaintiffs allege at the heart of both the present action and the *Damron* action is whether they may be held liable for the judgment entered in *Beecher* against Stephen Gore under its insurance policies. (Doc. 117 at 10). Defendants argue the events pertinent to determining whether Stephen Gore is an insured in the present action, and whether Stephen Gore has a right to sign an agreement to negate financial risk at issue in the *Damron* action

1  are different.  (Doc. 120 at 3).  The Court agrees with Defendants.

2       The transaction at issue in this case concerns Stephen Gore's employment status,

3  his actions as an agent for certain companies, and the facts surrounding Gore's sale of

4  various body parts to third parties for non-medical purposes.  (*Id.*)  The *Damron* action,

5  however, concerns separate transactions, such as Continental's failure to provide a defense

6  for Stephen Gore for almost four years, the decisions Continental made to deny Stephen

7  Gore a defense and what informed those decisions, and Stephen Gore's desire to protect

8  himself against financial ruin.  (*Id.*)  The Court finds that although the same parties appear

9  in both actions and concern issues arising from Gore's misconduct, the issues presented

10  arise from different transactions, and do not support transfer to this Court for consolidation

11  with the present action.

12            **2.  Same Parties or Property**

13       Plaintiffs argue the only interested parties in this action and in *Damron* are the

14  Claimant Defendants and Continental.  (Doc. 117 at 10).  Defendants concede this action

15  involves substantially the same parties but argue litigants who regularly appear in court

16  often cross swords with the same parties and do so without expecting the same judge every

17  time.  (Doc. 120 at 4).

18       The Court notes the claim regarding the Claimant Defendants has been adjudicated

19  (Doc. 119) and thus the only remaining party in the present action involves a single

20  individual—Stephen Gore.  It includes none of the other parties involved in *Damron*.  Thus,

21  even though Continental is involved in both suits, the Court finds this ground insufficient

22  to justify transfer.

23            **3.  Patent, Trademark, or Copyright**

24       This ground is irrelevant since this case does not involve a patent, trademark, or

25  copyright issue.

26            **4.  Determination of Substantially the Same Questions of Law**

27       Plaintiffs argue this action and the *Damron* action both involve substantially similar

28  insurance coverage questions, such as whether the insurance policies provide coverage for

1   the judgement in *Beecher* and whether Continental has a duty to indemnify against that

2   judgment. (Doc. 117 at 11).  Defendants argue Continental attempts to shoehorn "the same

3   insurance policies" into this ground.  (Doc. 120 at 4).  The Court agrees with Defendants

4   and finds the issues are not substantially similar.

5        The present action concerns questions of law regarding Continental's insurance

6   coverage, who qualifies as an insured under the policy, and contract interpretation.  The

7   *Damron* action, however, concerns different questions of law such as Continental's bad

8   faith, their failure to defend Stephen Gore for almost four years, their failure to pay, their

9   intentional exposure of Stephen Gore to an excess judgment, and whether Stephen Gore

10  has a right to protect himself against financial ruin by signing a *Damron* agreement.  The

11  Court finds these actions contain different questions of law and therefore finds this ground

12  insufficient to justify transfer.

13              **5.  "Substantial Duplication of Labor"**

14       Plaintiffs argue this action over insurance coverage and the duty to indemnify

15  against the judgment in *Beecher*—and the *Damron* action over Continental's indemnity

16  obligations, if any, for the excess judgment in *Beecher*—are two sides of the same coin.

17  (Doc. 117 at 12).  Defendant argues the discovery in the present action has been completed.

18  (Doc. 120 at 4).  Defendant further contends discovery in the *Damron* action will reveal

19  who decided to deny Stephen Gore coverage, the reasons why, and the sudden reason to

20  provide him a defense after almost a four-year lapse.  (*Id.*)

21       Plaintiffs' citation to *Garcia v. Army* where the Court granted a motion to transfer

22  because the judge "ha[d] developed familiarity with the issues involved in the case" is

23  misplaced.  2015 WL 5646640, at *2 (D. Ariz. Sept. 25, 2015) (Doc. 122 at 7)).  The

24  Court's decision to transfer rested on its conclusion that the case was reasonably viewed as

25  plaintiff's lead or principal case.  (*Id.*)  This is not the case here.  The present case concerns

26  one individual: Mr. Gore.  The *Damron* action concerns the ten prevailing claimants in

27  *Beecher*.  The labor necessary for that case is distinct and not duplicative.  Moreover,

28  discovery in this action ended on September 25, 2020, whereas discovery in the *Darmon*

action just began and will address new issues.  (Doc. 37 at ¶ 4).  The Court therefore finds Continental's argument that transferring this case somehow prevents "substantial duplication of labor" insufficient to sustain this ground for transfer.

**III.    Conclusion**

For these reasons, the Court finds Continental failed to establish this case should be transferred, and therefore the Court will deny Plaintiffs' Motion to Transfer Related Case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Transfer Related Case (Doc. 117) is **denied**.

Dated this 4th day of October, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge

- 5 -